IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCA HYGIENE PRODUCTS AKTIEBOLAG
and SCA TISSUE NORTH AMERICA, LLC,

                 Plaintiffs,         ORDER

    v.         17-cv-282-wmc

CASCADES CANADA, ULC,

                 Defendant.

---

Plaintiffs SCA Hygiene Products Aktielbolag and SCA Tissue North America, LLC, assert claims of infringement of three patents, all involving interleaved napkins, against defendant Cascades Canada, ULC. Before the court is defendant's motion to stay this case pending *inter partes* review of the three patents-in-suit. Because the court agrees that a stay is warranted, the court will grant defendant's motion.

BACKGROUND

Plaintiffs filed the present action on April 13, 2017, asserting infringement of three patents. (Compl. (dkt. #1).) Defendants filed petitions for *inter partes* review of one of the patents in issue -- U.S. Patent No. 8,597,761 -- on August 1, 2017. (Telscher Decl., Ex. B (dkt. #23-2).) The following day, plaintiff filed an amended complaint on August 2, 2017, essentially asserting the same claims as to all three patents. (Am. Compl. (dkt. #14).) Defendant filed its petition for *inter partes* review of the second patent-in-suit -- U.S. Patent No. 9,320,372 -- on August 7, 2017. (*Id.* Ex. F (dkt. #23-6).) Defendant then answered the amended complaint on August 22, as well as filed the present motion to stay based on the two, pending petitions for *inter partes* review and the promise of a third, which was eventually filed

on September 29, 2017, for the last of the patents-in-suit -- U.S. Patent No. 8.273,443. (Answ. (dkt. #19); Mot. to Stay (dkt. #21); Def.'s Not., Ex. A (dkt. #32-1).)[1] The three pending *inter partes* petitions, therefore, now seek cancellation of *all* of the claims at issue in this case. The parties' preliminary pretrial conference with Judge Crocker is scheduled for Wednesday, October 11, 2017.

OPINION

Defendant seeks a stay of this case, at least initially, pending a decision on their petitions for review. *Inter partes* review was created by the Leahy-Smith America Invents Act ("AIA") and intended to be a "timely, cost-effective alternative to litigation." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1029 (C.D. Cal. 2013) (quoting *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 *et seq.*)); *see* 35 U.S.C. §§ 311-319. "It is meant to (1) replace *inter partes* reexamination, which did not offer review by a panel and could take more than three years to complete; (2) 'minimize duplicative efforts by increasing coordination between district court litigation' and the review process; and (3) 'allow limited discovery in the review proceedings.'" *Ultratec, Inc. v. Sorenson Commc'ns*, No. 13-cv-346-bbc, 2013 WL 6044407, at *1 (W.D. Wis. Nov. 14, 2013) (quoting *Universal Elecs.*, 943 F. Supp. 2d at 1029-30).

Unlike *inter partes* reexamination, the final decision of an *inter partes* review is also

---

[1] At the time defendant filed its motion to stay, it had yet to file the *inter partes* petition for the '443 patent. Had that been true of the other two patents as well, the court would be disinclined to grant a stay of any kind, agreeing with plaintiffs that the request is premature. However, the fact that defendant had filed two of three possible petitions at the time of filing its motion to stay (and represented that it would file the third petition shortly) belies plaintiffs' concern about the motion being premature. Regardless, all three petitions have now been filed.

binding on civil actions. *See* 35 U.S.C. § 315(e)(2) ("The petitioner in an *inter partes* review of a claim in a patent under this chapter that results in a final written decision under section 318(a). . . may not assert . . . in a civil action ... that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review."); *Wildcat Licensing WI, LLC v. Johnson Controls, Inc.*, No. 13-CV-328-WMC, 2014 WL 232106, at *3 (W.D. Wis. Jan. 22, 2014) (granting stay, in part, because outcome of IPR is binding).[2] As such, this court has been more willing to stay litigation for *inter partes* review than for the prior reexamination efforts.

Still, simply petitioning for *inter partes* review does not mean that the petition will be granted and result in a binding determination. As such, the court must consider the appropriateness of a stay in light of the following factors:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (internal citations omitted). Weighing those factors, the court is persuaded that at least a short stay pending an indication that the petitions would actually be reviewed is warranted.

On the *first* factor, this case is still in the early stages of litigation, with the defendant having filed two of three petitions before it was required to answer the operative pleading. By statute, a party has up to one year to file a petition after the date on which it was served with a complaint alleging infringement of a patent. *See* 35 U.S.C. § 315(b). Here, defendant filed

---

[2] True to the limits of estoppel, the court credits plaintiffs' argument that the estoppel provision only applies on grounds "actually instituted" by the PTAB during *inter partes* review. (*See* Pls.' Opp'n (dkt. #27) 18.)

the first two petitions within a few months. Although the court can fault plaintiffs somewhat for waiting 4 months from suit to begin the process, the first factor weighs in favor of granting the stay.

*Second*, the court considers the prejudice to plaintiffs, as the party opposing the stay. Plaintiffs argue that a stay will delay initiation of discovery and will push back the trial date, likely by a couple of years. While true, as defendant points out, plaintiffs delayed initiating this lawsuit: the accused products have been on the market since at least 2012, and their asserted patent rights date back to 2012 and 2013, meaning that plaintiffs could have brought suit much earlier. Even if the court assumes the delay was in part due to delayed discovery and efforts to avoid a lawsuit; this dynamic at least off-sets plaintiffs' argument that they would be unduly prejudiced by further delay.

Moreover, if defendant's petitions are not accepted, than the delay will be relatively short. As defendant explains in its brief, under the AIA, a decision on whether the *inter partes* reviews will be initiated will be made within six months of the filing -- less if plaintiffs promptly file their preliminary response. (Def.'s Br. (dkt. #21) 13 (describing that a patent owner has three months from the filing of the petition to respond and the Patent Office has three months from the patent owner's response to determine whether to institute *inter partes* review, citing 31 U.S.C. §§ 313, 314(b)).) If the Patent Office declines to initiate review (or limits its review substantially), then the stay will be significantly shorter than the possible year or more stay for a final determination. (*See id.* at 14 n.4 (describing statistics indicating that the average length of *inter partes* review proceedings as of July 2015 is 13 months).) And if review is granted, there is a benefit to having validity resolved by a court rather than burdening a lay jury with having to decide this, as well as other issues.

Finally, even if the second factor weighs in favor of denying the stay, the *third* factor -- whether a stay will simplify the issues in question and streamline the trial -- and the *fourth* factor -- whether a stay will reduce the burden of litigation on the parties and on the court -- both weigh heavily in favor of granting the stay. As defendant describes in its brief, "as of January 2107, in two-thirds of IPRs instituted, *all* challenged claims were found unpatentable, and in an additional 16% of instituted IPRs, at least some challenged claims were found unpatentable (only 17% of IPRs results in all claims found patentable)." (Def.'s Br. (dkt. #21) 14-15 (citing Telscher Decl., Ex. N (dkt. #23-14)).)

In response to these statistics, plaintiffs maintain that defendants' argument "relies on false premises," stressing that the PTAB has yet to initiate, and may not initiate, *inter partes* review. (Pls.' Opp'n (dkt. #27) 15-16.) Defendant in no way hid this fact -- it was quite transparent about the posture of its petitions in the *inter partes* review process, and obviously well known to the court. Moreover, *if* the petitions are granted, the possibility that *inter partes* review could significantly streamline the issues to be resolved in this case, or possibly resolve the case entirely by cancelling the patent claims at issue appears relatively high; and *if* review of the petitions are denied, at least the stay will be relatively short.

Without diving into the merits of defendant's invalidity challenges, the issues presented in the petitions and in its counterclaim for invalidity implicate at first glance a prior rejection of quarter-folded interleaved napkin and affirmance of that decision by the PTAB in 2008. As such, the court agrees with defendant that the Patent Office should "get the first crack" at squaring the 2008 rejection with the subsequent issuance of the patents-in-suit. (*See* Def.'s Br. (dkt. #21) 7.) Accordingly, after weighing all factors, the court agrees with defendant that a stay is warranted.

Initially, this case will be stayed pending a decision by PTAB on whether to initiate review of any of the three patents. Within one week of the decision on a petition (or petitions), defendant should notify the court of that decision and file a motion to continue the stay, if warranted; and plaintiffs may have one week to respond.

ORDER

IT IS ORDERED that:

1) Defendant Cascades Canada ULC's motion to stay pending *inter partes* review (dkt. #21) is GRANTED. This case is stayed initially pending a decision on whether *inter partes* review will be initiated.

2) Defendant is directed to notify this court of any decision by the Patent Office on its petitions within one week of the decision. Defendant is further directed to renew its motion to stay, if appropriate, at that time.

3) Defendant's motion for leave to file a reply (dkt. #29) is DENIED as unnecessary.

Entered this 6th day of October, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge